J-S27018-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TAROHN JAYNES | : | |
| | : | |
| Appellant | : | No. 380 EDA 2024 |

Appeal from the PCRA Order Entered December 8, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0012926-2011

BEFORE:   STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:                    **FILED OCTOBER 3, 2025**

Tarohn Jaynes appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA).  42 Pa.C.S.A. §§ 9541-46. For the reasons that follow, we are constrained to vacate the order denying post-conviction relief and remand for further proceedings.

Previously, in Jaynes' direct appeal, this Court summarized the pertinent facts as follows:

> On October 15, 2011, at 9:00 p.m., Nathaniel Harley was sitting in his vehicle when an unmasked man entered, sat in the front passenger seat, pointed a gun at him, and rummaged through his pockets, removing two cell phones and cash.  Mr. Harley drove to a nearby police cruiser, and once he was inside of the cruiser, [Mr. Harley] viewed a photo of [Jaynes] on the cruiser's computer screen, which happened to be there as a result of an unrelated matter, and identified the person on the screen as his assailant.  At the police station, Mr. Harley identified [Jaynes]

---

[*] Former Justice specially assigned to the Superior Court.

from a photo array. [Jaynes] was arrested in connection with the robbery, and he proceeded to a jury trial on various charges.

***Commonwealth v. Jaynes***, 135 A.3d 606, 609 (Pa. Super. 2016).

Jaynes' jury trial began on December 3, 2013. On that date, the Commonwealth informed the court that it was having difficulty locating Harley and wanted to use his preliminary hearing testimony at trial. ***See*** N.T., 12/3/13, at 4-5. Jaynes' trial counsel objected, but later withdrew her challenge. ***Id.*** at 41. The Commonwealth called one of the police officers who was inside the police cruiser when Harley approached them. The next day, after locating him, the Commonwealth called Harley as a witness. When asked by the prosecutor whether he saw the person who robbed him in the courtroom, Harley responded that he "wasn't sure," he recognized Jaynes from the neighborhood but did not see him on the night of the incident. N.T., 12/4/13, at 7-8.[1] Ultimately, on December 9, 2014, after the jury was unable to reach a unanimous verdict, the trial court declared a mistrial.

Jaynes' second jury trial began on February 12, 2014. When called by the Commonwealth, Harley positively identified Jaynes in court as the perpetrator of the robbery and explained why he was hesitant to identify Jaynes at the first trial. ***See***, N.T., 2/12/14, at 100-13. On February 19, 2014, the jury convicted Jaynes of robbery, possessing an instrument of

---

[1] Later during cross-examination, Harley stated that his memory was "refreshed" during the proceeding and he then positively identified Jaynes as the robber in court. ***See*** N.T., 12/3/13, at 69.

crime, and a firearm violation. On April 17, 2014, the trial court imposed an aggregate sentence of 17 to 35 years of imprisonment. Jaynes filed a post-sentence motion that was denied by operation of law. Jaynes appealed. On March 1, 2016, this Court affirmed his judgment of sentence. ***Jaynes***, ***supra***. On August 25, 2016, our Supreme Court denied his petition for allowance of appeal. ***Commonwealth v. Jaynes***, 145 A.3d 724 (Pa. 2016).

On March 3, 2017, Jaynes filed a *pro se* PCRA petition, and PCRA counsel filed an amended petition. On January 23, 2018, Jaynes filed a motion for leave to amend his PCRA petition alleging that he had recently met Khaalid Fleetwood when both were incarcerated in the same institution, and that Fleetwood told Jaynes that he had committed the robbery for which Jaynes was serving his sentence. Thereafter, the post-conviction proceedings continued with several changes of attorneys, and more amendments and/or supplements to the petition. Ultimately, on September 11, 2023, Jaynes filed a fourth amended PCRA petition in which he asserted that, in accordance with a previously provided affidavit, Fleetwood had, in the presence of his own counsel, provided a statement under oath in which he confessed to the robbery. The Commonwealth did not oppose an evidentiary hearing.

On October 5, 2023, the PCRA court held an evidentiary hearing regarding Jaynes' after-discovered evidence claim. Fleetwood was the only witness to testify. At PCRA counsel's request, the PCRA court continued the matter so that the parties could submit written briefs. The PCRA court continued the hearing until December 7, 2023, at which time the court would

announce its decision. On that date, the PCRA court denied Jaynes' petition as being meritless, but provided no further explanation. This appeal followed. Due to the PCRA court judge's retirement, the record was forwarded to this Court without an Appellate Rule 1925(a) opinion.

Jaynes raises the following issue on appeal:

> Whether the [PCRA court] erred in denying [Jaynes'] petition for post-conviction relief insofar as [he] proffered new, previously unavailable evidence which, if presented during a new trial, would likely result in a different outcome?

Jaynes' Brief at 7.

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

In his amended PCRA petition, Jaynes asserted that he discovered new evidence that warranted a new trial. Our Supreme Court set forth the following four-part test a PCRA petitioner must establish regarding after-discovered evidence to obtain a new trial under the PCRA:

> [W]e have viewed this analysis in criminal cases as comprising four distinct requirements, each of which, if unproven by the petitioner, is fatal to the request for a new trial. As stated, the four-part test requires the petitioner to demonstrate the new evidence: (1) could not have been obtained prior to the conclusion of trial by the exercise of reasonable diligence; (2) is not merely corroborative or

cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted. The test applies with full force to claims arising under Section 9543(a)(2)(vi) of the PCRA. In addition, we have held the proposed new evidence must be producible and admissible.

*Commonwealth v. Small*, 189 A.3d 961, 972 (Pa. 2018) (citations omitted).

Credibility determinations are an integral part of determining whether a PCRA petitioner has presented after-discovered evidence that would entitle him to a new trial. *See*, *e.g.*, *Small*, 189 A.3d at 978-79 (remanding for the PCRA court to make relevant credibility determinations). We have stated, prior to granting a new trial based on after-discovered evidence, "a court must assess whether the alleged after-discovered evidence is of such a nature and character that it would likely compel a different verdict if a new trial is granted." *Commonwealth v. Padillas*, 997 A.2d 356, 365 (Pa. Super. 2010). "In making this determination, a court should consider the integrity of the alleged after-discovered evidence, the motive of those offering the evidence, and the overall strength of the evidence supporting the conviction." *Id.*

Here, as noted above, the PCRA court provided no explanation before denying Jaynes' petition, and did not file a Rule 1925(a) opinion in this matter. Thus, our review is impeded by the lack of credibility determinations, findings of fact, or conclusions of law supporting the PCRA court's order. Under these circumstances, Pennsylvania case law requires us to remand for a new PCRA hearing.

- 5 -

In ***Commonwealth v. Montalvo***, 114 A.3d 401 (Pa. Super. 2015), our Supreme Court reviewed the denial of post-conviction relief in a capital case. Upon review, the High Court found that the PCRA court's opinion was deficient. The Court explained that, in order to enable appellate review, "PCRA courts are required to provide a legally robust discussion, complete with clear findings of fact where required." ***Id.*** at 410 (citation omitted). Our Supreme Court further reasoned that not only was a remand warranted, but the retirement of the PCRA court judge necessitated a new hearing before a different judge:

> Where a PCRA court fails to support its holding with sufficient explanation of the facts and law, or fails to provide an adequate opinion addressing all of the claims raised in a PCRA petition, including factual and credibility disputes, a remand is appropriate. In addition, such a remand may necessitate further proceedings below.
>
> Unfortunately, the PCRA court's opinion in the instant case is deficient. . . .
>
> ***
>
> As a result of the PCRA court's failures, this Court has no findings of fact, no determination of credibility, and no legal conclusions regarding [a]ppellant's PCRA claims; in short we have no basis upon which to conduct meaningful appellate review. [Moreover], the lack of any credibility determinations by the PCRA court is particularly problematic in the instant case. Thus, we are constrained to remand this matter to the PCRA court. We recognize that, as [the PCRA court] is no longer on the bench, the matter must be assigned to another judge. Further, we acknowledge that the judge to whom the matter is assigned will not have the benefit of having presided over [a]ppellant's] PCRA hearings. Thus, for those claims the assigned judge is unable to resolve on the existing record, the judge is authorized to conduct additional hearings, and admit evidence, as necessary.

*Montalvo*, 114 A.3d at 411-12 (citations omitted).

Here, although Jaynes has only raised a claim of after-discovered evidence, we note that an assessment of Fleetwood's credibility was essential to the determination of whether this evidence warrants a new trial. *Small*, *supra*. Thus, as the PCRA court judge has retired without making a conclusion regarding Fleetwood's credibility,[2] we must vacate the PCRA court's order denying post-conviction relief and remand for the assignment of a new judge to conduct a new PCRA hearing.

Order vacated. Case remanded for proceedings consistent with the memorandum. Jurisdiction relinquished.

Judge Stabile joins. P.J.E. Stevens files a Dissenting Memorandum.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/3/2025

_____

[2] We are not persuaded by Jaynes' assertion that the PCRA court found Fleetwood to be credible based on the court's comments that Fleetwood was a "very likeable witness" who made a "very favorable impression." Jaynes' Brief at 18 (citing N.T., 10/5/23, at 42). Were this true, the PCRA court would not have denied Jaynes' post-conviction relief.